```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       SOUTHERN DIVISION
```

UNITED STATES OF AMERICA                                    RESPONDENT

VERSUS                                  CIVIL ACTION NO. 1:05cv364-DCB
                                          CRIMINAL NO. 1:02cr76-DCB

LESTER GONZALEZ                                              PETITIONER

## ORDER

This matter comes before the Court on Lester Gonzalez's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [**docket entry no. 1 in civil action 1:05cv364 and docket entry no. 35 in criminal action 1:02cr76**]. In his motion, the petitioner, a citizen of Cuba, asks the Court to vacate a guilty plea he entered in this matter. As the basis for this request, he claims that his trial counsel was ineffective in erroneously advising him that he would not be deported if he pled guilty.

The Court's previous order of January 17, 2006, found that the petitioner could prevail on his claim of ineffective assistance only if he first could prove that his trial attorneys mis-advised him as to the negative immigration consequences associated with his plea. See docket entry no. 39, at 16-17. After receiving an affidavit from one of Gonzalez's trial attorneys denying that he had informed the petitioner that he would not be deported, the Court determined that an evidentiary hearing was necessary so that the credibility of each attestant could be weighed. See Order dated March 14, 2006 [docket entry no. 45].

That hearing was held on June 12, 2006.  The Court received testimony from both of the petitioner's former trial counsel, Mr. Michael Cox and Mr. Humberto Dominguez, as well as from the petitioner.  Both attorneys denied telling Gonzalez that he could not be deported if he pled guilty.  The petitioner maintained his previous assertions and proclaimed just the opposite.  The Court found at the conclusion of that hearing that Mr. Cox's and Mr. Dominguez's testimony was more credible and that the petitioner had not, in fact, been mis-advised about the collateral immigration consequences associated with his plea.  Therefore, the petitioner's motion shall be denied.  Accordingly,

IT IS HEREBY ORDERED that the petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [**docket entry no. 1 in civil action 1:05cv364 and docket entry no. 35 in criminal action 1:02cr76**] is **DENIED**;

A separate judgment will be entered by the Court in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 19th day of June, 2006.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE