```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    SOUTHERN DIVISION
```

LESTER GONZALEZ                                          PETITIONER

VERSUS                              CIVIL ACTION NO. 1:05cv364DCB
                                    CRIMINAL NO. 1:02cr76DCB

UNITED STATES OF AMERICA                                 RESPONDENT

**ORDER**

This cause is before the Court on the petitioner's Motion for Reconsideration [**civil docket entry no. 6; criminal docket entry 52**]. Having carefully considered the motion and the applicable law, the Court finds as follows:

Lester Gonzalez filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on July 29, 2005. At the conclusion of an evidentiary hearing held on June 12, 2006, the Court denied Petitioner's Motion to Vacate. On July 25, 2006, Petitioner filed a Notice of Appeal and paid his $455 filing fee. On August 2, 2006, the Court entered an order declining to issue a certificate of appealability ("COA") because the petitioner failed to make a "substantial showing of the denial of a constitutional right." Cannon v. Johnson, 134 F.3d 683, 685 (5th Cir. 1998) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). On August 11, 2006, Petitioner moved for the Court to reconsider its denial of the COA.

In his Motion for Reconsideration, Petitioner claims that "[t]he court orally agreed to the issuance of a certificate [of appealability at the hearing]. (M. Reconsideration 2.) The petitioner, however, misreads the transcript, which states:

<u>The Court</u>:  Anything further from the defense?

<u>Mr. Walsh (attorney for Petitioner)</u>: Judge, could we get a certificate of appealability or just file the notice of appeal pursuant to Rule 22?

<u>Court</u>: Yes, sir.  You can do that.

Petitioner's counsel asked a compound question.  The affirmative response of the Court was to the latter question, i.e., whether Petitioner could file his notice of appeal.  Federal Rule of Appellate Procedure 22(b)(2) states, "If no express request for a [COA] is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."  As such, the Court was simply responding that, yes, the petitioner could "just file the notice of appeal pursuant to Rule 22."

Moreover, Petitioner's argument that a COA should issue because his appeal involves a Sixth Amendment claim is misguided.  The mere fact that Petitioner's § 2255 motion involved a constitutional claim does not necessitate the issuance of a COA.  For the Court to issue a COA, "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Slack v. McDaniel</u>, 529 U.S. 445, 484 (2001).  Petitioner, however, has failed to provide the Court with any statutory or case law casting doubt on the Court's decision to deny Petitioner's § 2255 motion.  Since petitioner has failed to make a "substantial showing of the denial of a constitutional right," his Motion for Reconsideration is without merit.  Accordingly,

IT IS HEREBY ORDERED that Petitioner's Motion for Reconsideration [**civil docket entry no. 6; criminal docket entry 52**] is **DENIED**.

SO ORDERED, the 12th day of October, 2006.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE
